**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-30020-SMY |
| | ) |
| CHARLES A. CARROLL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On February 20, 2019, Defendant Charles A. Carroll was charged with one Count of being a felon in possession of a firearm and ammunition, one Count of possession of counterfeit obligations of the United States, and two Counts of passing counterfeit obligations of the United States (Doc. 1). The Government moved to detain Defendant on the basis that he poses a danger to the community (Doc. 6). Magistrate Judge Mark Beatty conducted a hearing on the motion on March 22, 2019 and ordered Defendant detained (Docs. 12, 13). Defendant now moves for a *de novo* review of the detention order pursuant to 18 U.S.C. § 3145(b) (Doc. 15).

Under the Bail Reform Act of 1984, a defendant shall not be detained pretrial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e); *see United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985). The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985). In determining whether the Government has carried its burden, the court shall consider: (1) the nature and circumstances of the offense (including

whether the offense is a crime of violence or involves narcotics); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including family and community ties, employment, financial resources, past conduct, criminal history, whether person was on parole or probation at time of offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Upon the filing of such a motion, the district court conducts a *de novo* review and need not defer to the magistrate's findings. *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985). The district court's review may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge or by holding a new hearing. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991). Here, Defendant does not dispute Judge Beatty's findings; his sole basis for seeking a *de novo* review is so that he may explain his alternative home plan. Because Defendant's home plan is irrelevant to the Court's assessment, a hearing on Defendant's motion is unnecessary.

Based on its independent review of the record, the Court finds that the relevant factors weigh in favor of detention. Defendant has a lengthy and substantial criminal history which includes a conviction for first degree murder. Defendant also has a history of failing to make court appearances. His criminal history coupled with the nature of the charged offenses – including the unlawful possession of a firearm – support the determination that Defendant poses a danger to the community. Additionally, the testimony provided by Special Agent Chris Williams regarding the

investigation leading to Defendant's arrest establishes that the weight of the evidence against the Defendant is strong.

The Government has met its burden of proving that Defendant is a danger to the community. Accordingly, Defendant's Motion is **DENIED** and the Order of Detention previously entered in this case (Doc. 13) remains in full force and effect.

**IT IS SO ORDERED.**

**DATED: May 6, 2019**

**STACI M. YANDLE**
**United States District Judge**